IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM MONROE,  TDCJ-CID #1377782, | § § | |
| v. | § § | C.A. NO. C-10-401 |
| JENNIFER SMITH, ET AL. | § | |

## OPINION DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is his motion for appointment of counsel. (D.E. 39).

No constitutional right to appointment of counsel exists in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that

appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

For the foregoing reasons, plaintiff's motion for appointed counsel, (D.E. 39), is DENIED without prejudice.

ORDERED this 22nd day of March 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE