IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM MONROE, | § | |
|     TDCJ-CID #1377782, | § | |
| v. | § | C.A. NO. C-10-401 |
| | § | |
| JENNIFER SMITH, ET AL. | § | |

### OPINION AND ORDER DENYING MOTION TO DISQUALIFY

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion to disqualify is pending. (D.E. 67). Specifically, he seeks the recusal of the undersigned magistrate judge.

### BACKGROUND

On December 16, 2010, plaintiff William Monroe filed his action on his behalf as well as on the behalf of his common-law wife Leona Ruth Garner-Monroe. (D.E. 1). On January 10, 2011, he filed a motion to proceed in forma pauperis. (D.E. 12). Consequently, an order for initial partial filing fee and collection order was issued. (D.E. 14).

On February 11, 2011, the undersigned magistrate judge issued a memorandum and recommendation to dismiss plaintiff Leona Ruth Garner-Monroe's claims for failure to prosecute. (D.E. 26). On February 14, 2011, the Court adopted this recommendation and dismissed plaintiff Garner-Monroe's claim pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (D.E. 27).

On February 23, 2011, a Spears[1] hearing was held addressing plaintiff's claims that defendants were restricting his ability to correspond with his common-law wife, Garner-Monroe,

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

who was also in prison at that time. He named the following individuals as defendants: (1) Jennifer Smith, Huntsville Mailroom Coordinator; (2) David Diaz, the McConnell Unit Mailroom Manager; (3) John Does, the McConnell Unit Mailroom Employees; (4) the Plane State Jail Mailroom Manager; (5) John Does, the Plane State Jail Mailroom Employees; (6) E. Metz, the McConnell Unit Records Manager; (7) John Does, the McConnell Unit Records Employees; (8) the Plane State Jail Records Manager; (9) John Does, the Plane State Jail Records Employees; and (10) the Plane State Jail Chaplin's Office. Based on this hearing, on March 2, 2011, a memorandum and recommendation was issued recommending that plaintiff's First Amendment claims against defendants Diaz and Metz be retained and that the other claims and defendants be dismissed. (D.E. 30). Plaintiff filed objections to this memorandum and recommendation. (D.E. 41). On March 25, 2011, the Court adopted the recommendation. (D.E. 42). Service has been ordered on defendants Diaz and Metz. (D.E. 31). On April 11, 2011, both defendants filed an answer. (D.E. 46).

Plaintiff had also filed motions for a preliminary injunction. (D.E. 2, 22). On March 14, 2011, a memorandum and recommendation was issued recommending that these motions be denied. (D.E. 35). On April 14, 2011, the Court adopted this recommendation. (D.E. 48).

On April 13, 2011, plaintiff filed his first motion to disqualify. (D.E. 47). On April 14, 2011, that motion was denied. (D.E. 49)

## **DISCUSSION**

Plaintiff is seeking the undersigned magistrate judge to recuse himself from this action pursuant to 28 U.S.C. § 455, alleging that "the plaintiffs have no faith or belief in this magistrates [sic] judicial discretion and believe him to be bias and prejudice in his ruleings [sic]

2

and findings." (D.E. 67, at 2). He further asserts that "Magistrate Owsley has continued to place the plaintiffs at a point and position of disadvantage to the benefit of defendants.... This Magistrate Judge Owsley continues to abuse his discretion when he improperly applies the constitutional civil laws and or feder [sic] appellate rules of procedure." Id. He also argues that the recommendation that plaintiff could not raise claims as a pro se litigant on behalf of his common-law wife constitute bias and a violation of the Constitution. Id. at 3.

Plaintiff cites subsections (a) and (b) of § 455 in his pending motion. Id. at 2. Subsection (a) mandates that "[a]ny justice, judge, or magistrate judge of the United States shall disqualifty himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); accord Henderson v. Dep't of Pub. Safety & Corrs., 901 F.2d 1288, 1295-96 (5th Cir. 1990) (discussing § 455(a)). Subsection (b) delineates five distinct circumstances in which disqualification is warranted, including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); accord Henderson, 901 F.2d at 1295-96 (discussing § 455(b)(1)).

Plaintiff's pending motion has many assertions of bias and prejudice, but not much in the way of any substance to support such claims. Because plaintiff is not an attorney, he cannot represent his wife's interests in this action. See 28 U.S.C. § 1654; see also Aduddle v. Body, 277 F. App'x 459, 461-62 (5th Cir. 2008) (per curiam) (unpublished) ("As a non-lawyer, [plaintiff] may not represent the interests of [his wife] on a pro se basis.") (citation omitted); Martin v. City of Alexandria, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam) (unpublished) (pro se civil rights litigant was not entitled to have her father, a non-lawyer, assist her during oral

argument) (citation omitted). Nonetheless, he continues to argue that her rights are being violated.[2] She had the chance to file to join this action, (D.E. 6, 11, 15), but has never availed herself of this opportunity. Consequently, the District Judge dismissed her action for failure to prosecute. (D.E. 27).

Plaintiff also seems to complain that information from the March 2, 2011 hearing was used in assessing his claims resulting in the dismissal of several defendants. (D.E. 67, at 7). Congress has mandated that all actions filed by inmates be subject to screening and dismissed if they fail to state a claim or are frivolous. See 28 U.S.C. § 1915A; accord Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (per curiam). More importantly, the District Judge ordered that these defendants and claims be dismissed. (D.E. 42).

Plaintiff's pending motion essentially complains about rulings made by the undersigned magistrate. As the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); accord United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting Liteky); United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate basis for demanding recusal") (citations omitted). Furthermore, the MMR court has explained that § 455 "applies only to personal, extrajudicial bias." 954 F.2d at 1046. Instead, as the Fifth Circuit has

---

[2] Indeed, plaintiff argues that he is entitled to raise his wife's claims in this action relying on Rule 3(c)(2) of the Federal Rules of Appellate Procedure. (D.E. 67, at 3). That rule indicates that "[a] pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise." The Supreme Court has explained that "the Rule is entirely ameliorative; it assumes and assures that the *pro se* litigant's spouse and minor children, if they were parties below, will remain parties on appeal, 'unless the notice clearly indicates a contrary intent.'" Becker v. Montgomery, 532 U.S. 757, 766-67 (2001) (quoting Fed. R. App. P. 3(c)(2)). This rule does not allow a lay person to represent a spouse in a civil proceeding.

indicated, "the judge's rulings should constitute grounds for appeal, not for recusal." Landerman, 109 F.3d at 1066 (citing Liteky, 510 U.S. at 555).

Here, plaintiff has failed to demonstrate either a factual or legal basis warranting disqualification pursuant to § 455.  Henderson, 901 F.2d at 1295-96.  Accordingly, plaintiff's motion to disqualify, (D.E. 67), is hereby DENIED.

ORDERED this 6th day of July 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE